```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

**RAFAEL PEREZ BUSCAMPEL,**           \*
    Petitioner,                       \*
                                   \*
                                   \*
        v.                            \*
                                   \*   **CIVIL NO. 06-1860(DRD)**
                                   \*   **Related Nos. 05-045(DRD)**
**UNITED STATES OF AMERICA,**         **\***              **05-050(DRD)**
    Respondent.                       \*
_____
_____

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1)[1]. Petitioner, a prisoner appearing pro se, also filed a supporting brief (D.E. #1). Respondent filed a response to the Petition (D.E. #5). For the reasons discussed below, the Court finds the Petition shall be GRANTED AND PETITIONER's SENTENCE SHALL BE CORRECTED AND AMENDED JUDGMENT SHALL BE ENTERED.

**I. BACKGROUND**

On February 16, 2005, a Federal Grand Jury returned a one count Indictment charging the Petitioner Rafael Perez- Buscampel (hereinafter "Petitioner" or "Perez-Buscampel") with possession of a firearm that had been transported in interstate commerce, by a prohibited person in violation of 18 U.S.C. Sec. 922(g)(1) (Crim.D.E. #1 in Crim. Case No. 05-0045(DRD))[2]. On the same day a

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation for criminal docket entry.

Civil No. 06-1860(DRD)                                                  Page 2

Federal Grand Jury returned a second one count Indictment charging Petitioner Rafael Perez Buscampel with bank fraud in violation of 18 U.S.C. Sec. 1344 (Crim. D.E. #9 in Crim. Case No. 05-050(DRD)).

On August 19, 2005, Petitioner pled guilty to both Indictments pursuant to a straight plea.[3] (Crim. D.E. for 05-045(DRD)#18 & Crim.D.E. for 05-050(DRD) #23). Sentencing for both cases was held on November 18, 2005. In criminal case 05-045(DRD) Petitioner was sentenced to a term of imprisonment of thirty seven (37) months as to the sole count of the Indictment and a term of supervised release of five (5) years. In criminal case 05-050(DRD) Petitioner was sentenced to a concurrent term of thirty seven (37) months as to the sole count of the Indictment and a concurrent term of supervised release of three(3) years. (Crim. D.E. for 05-045(DRD)#24 & Crim. D.E. for 05-050(DRD) #32).

Petitioner did not appeal his judgment and the same became final on December 13,2005.

On September 1, 2006,Petitioner moved to vacate, set aside or correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255.[4] The Government responded on March 12, 2007, and the matter was then ready for disposition.

**II. DISCUSSION**

---

[3] A straight plea being that Petitioner did not have an agreement with the Government and pled to the felonies as charged in the Indictments.

[4] Petitioner filed a consolidated motion for relief pursuant to Title 28 U.S.C. 2255 for both criminal cases.

Civil No. 06-1860(DRD)                                               Page 3

In his Petition under 28, U.S.C. Sec. 2255, Petitioner is solely challenging the validity of the term of supervised release of five (5) years which the court imposed in criminal case 05-045(DRD).  Petitioner contends that it went beyond that which the United States Sentencing Guidelines provide.

It is well settled law that one of the mechanisms a defendant may use in order to challenge a term of supervised release is through the filing of a 28 U.S.C. Sec. 2255 petition for relief. United States v. Gallant, 306 F.3d 1181, 1188-89 (1st Cir. 2002); United States v. Cortes-Claudio 312 F. 3d 17 (1st Cir. 2002). Although Petitioner did not object at the time of sentencing to the supervised release term of five (5) years this court can still entertain his petition for relief.  "In the context of sentencing, that a post sentence objection is not necessarily required to preserve the issue for appeal if the defendant could not reasonably have anticipated the issue would arise until after the court ruled."  United States v. Gallant, 306 F.3d 1181, 1188-1189 (1st Cir. 2002); see also United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002).  Such is the case of Perez-Buscampel.

The felony to which Petitioner plead guilty to in criminal case 05-045(DRD) is considered by the United States Sentencing Guidelines a Class "C" felony.  Pursuant to United States Sentencing Guideline 5D1.2(a)(2) the term of supervised releases for a class "C" felony is "at least two (2) years but no more then

Civil No. 06-1860(DRD)                                            Page 4

three (3) years."[5]

Both Petitioner and the United States are in agreement that the court in sentencing Perez-Buscampel to a five (5) year term of supervised release in criminal case 05-45(DRD) did a upward departure of Petitioner's sentence. The parties are correct. When a sentencing court imposes a term of supervised release exceeding the term established by the appropriate United States Sentencing Guideline, it represented an upward departure and the sentencing court must give prior notice to the defendant of its intention to impose a term of such an extended duration and must state on the record the aggravating circumstances that justify the upward departure. United States v. Nelson-Rodriguez, 319 F.3d 12 (1st Cir. 2003); United States v. Matos, 328 F.3d 43 (1st Cir. 2003). In the instant case the court did not provide Perez-Buscampel with prior notice of its intent to upwardly depart nor did it state for the record the aggravating circumstances that warranted the departure form the three (3) year maximum term of supervised release.

As such, Petitioner's request for clarification and modification of the term of supervised release imposed in criminal case 05-045(DRD) is granted.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **RAFAEL PEREZ-BUSCAMPEL**, is entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **RAFAEL**

---

[5] See United States Sentencing Guideline 5D1.2(a)(2).

**PEREZ-BUSCAMPEL's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **GRANTED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **GRANTED.** The five (5) year term of supervised release in criminal case 05-045(DRD) is hereby VACATED and this Court shall re sentence **RAFAEL PEREZ-BUSCAMPEL** solely as to the length and term of supervised release in criminal case 05-045(DRD) in accordance with the United States Sentencing Guidelines.

The sentence of defendant is to be amended accordingly. Defendant's presence is not required as he is sentenced to the lower sentence that he has specifically requested,(Docket No. 1 p.4),that is, three years of supervised release. United States v. Mercedez, 851 F.2d 529, 531 (1st Cir. 1988)(citing Rust v. United States, 725 F.2d 1153, 1154 (8th Cir. 1984)(under Fed. R. Crim. P. 43 a defendant must be present only where the sentence is made more onerous, or the sentence is set aside and the cause remanded.)

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd of October 2008.

                                        **s/ Daniel R. Domínguez**
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S.DISTRICT JUDGE**